# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DARNELL WESLEY MOON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:12-cv-70-JMS-WGH |
| ) | |
| HECTOR J. JOYNER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## Entry and Order Directing Dismissal of Action

The request of plaintiff Darnell Moon ("Moon"), a federal prisoner, to proceed *in forma pauperis* is **denied** and this action must be **dismissed without prejudice.** This conclusion is based on the following facts and circumstances:

1. Moon is confined at a federal prison in Illinois, but was previously confined in this this District. He files this action pursuant the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 38 (1971), seeking redress for the asserted violation of his federally secured rights. His complaint is accompanied by his request to proceed *in forma pauperis*.

2. Moon has arguably demonstrated his present inability to prepay the $350.00 filing fee for this action. This explains his request to proceed *in forma pauperis*, a status authorized in appropriate circumstances, 28 U.S.C. ' 1915(a). Moon's indigence is an impediment to payment of the filing fee at present, but is not a bar to the obligation to pay. AAll ' 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.@ *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996); *see also Longbehn v. United States,* 169 F.3d 1082, 1083 (7th Cir. 1999)("every litigant has the legal responsibility to pay the filing and docketing fees to the extent feasible"); *Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir. 1997).

3. Moon's meager financial reserves do not tell the whole story in relation to his request to proceed *in forma pauperis.* The reason for this is Moon's frivolous litigation under 28 U.S.C. ' 1915(g). The court in *Moon v. Missouri Div. of Employment Sec.*, 2009 WL 3261920, 1 (W.D.Mo. 2009), noted that Moon has accumulated more than three strikes. The court cited the following cases as ones in which Moon had acquired a strike: *Moon v. United States,* No. 09-0006 (E.D.Mo.

2009) (legally frivolous); *Moon v. National Asset Recovery Services, Inc.,* No. 09-0117 (E.D.Mo. 2009) (legally frivolous); *Moon v. National Asset Recovery Services, Inc.,* No. 09-1129 (E.D.Mo. 2009) (legally frivolous).

4. This renders Moon ineligible to proceed *in forma pauperis* in this case.[1]

5. These circumstances trigger the rule of *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999), which states:

> An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that ' 1915(g) applies to a particular litigant will lead to immediate termination of the suit.

Accordingly, Moon's application to proceed *in forma pauperis* [3] is **denied** and this action is **dismissed**, without prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/20/2012

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1]The exception under 28 U.S.C. ' 1915(g), that he Ais under imminent danger of serious physical injury,@ does not apply to any of the circumstances alleged here because he is no longer confined in the Southern District of Indiana.