# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DARNELL WESLEY MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-70-JMS-WGH |
| | ) | |
| HECTOR J. JOYNER, et al., | ) | CA #2344 |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Request to Proceed on Appeal In Forma Pauperis**

Plaintiff Darnell Moon was formerly an inmate at the Federal Correctional Center in Terre Haute, Indiana. Prior to filing this action he was transferred to the United States Penitentiary at Marion, Illinois. He asserted a medley of constitutional violations connected with his confinement in the Terre Haute institution. He sought both injunctive relief and damages.

Moon's complaint was accompanied by his request to proceed *in forma pauperis.* This request was denied in the Entry of March 20, 2012. Specifically, it was determined that Moon has been aware since 2009 that he has been ineligible for *in forma pauperis* status. Based on his nondisclosure of that fact, and pursuant to *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999), the action was dismissed without prejudice.

Moon has filed an appeal, accompanied by his request to proceed on appeal proceed *in forma pauperis.*

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *Id.* There is no objectively reasonable argument which the plaintiff could present to argue that the disposition of this action was erroneous. His request for leave to proceed on appeal *in forma pauperis* suggest that such an argument could be based on the "imminent physical danger" language in 28 U.S.C. § 1915(g), but this is a flawed option because there

was no chance for Moon to obtain injunctive relief in this case once he was transferred to a different facility outside the Southern District of Indiana. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same). As noted, that transferred occurred *before* this case was received by the clerk for filing. In pursuing an appeal, therefore, the plaintiff "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). In addition to being frivolous, the plaintiff is not eligible to proceed on appeal *in forma pauperis* for the same reasons as explained in the Entry of March 20, 2012.

Based on the foregoing, therefore, the plaintiff's request for leave to proceed on appeal *in forma pauperis* [14] is **denied.**

**IT IS SO ORDERED.**

Date: 06/13/2012

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Darnell Wesley Moon
No. 34077-044
USP- Marion
Inmate Mail/Parcels
P. O. Box 1000
Marion, IL 62959